IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANDREW BROADWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-024 |
| | ) | |
| THE KROGER CO. and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Seeking recovery for injuries sustained at a grocery store, Plaintiff filed this action in the Superior Court of Columbia County, and Defendant The Kroger Co. ("Kroger") removed on March 6, 2024, asserting jurisdiction based on diversity of citizenship. (Doc. no. 1, pp. 1-2.) There is no specific amount of damages claimed in the complaint beyond $37,221.77 in medical expenses. (Doc. no. 1-1, p. 7.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with the removing defendant. Id.

Kroger cites Plaintiff's settlement demand as evidence the amount in controversy exceeds $75,000. (Doc. no. 1, p. 2.) "Typically, presuit demand letters alone are not enough

to establish amount in controversy" because "by their nature, settlement offers (particularly presuit) reflect a fair amount of puffing and posturing." Gagnon v. Petsmart, Inc., No. 220-CV-676, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). Thus, it is not facially apparent that Plaintiffs' claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendant Kroger to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

As the time for Plaintiff's counsel to file a notice of appearance has not yet expired, the Court **DIRECTS** the **CLERK** to serve this Order by email and mail on Mr. Roger R. Claridge at the addresses listed on the Complaint originally filed in the Superior Court of Columbia County. (See doc. no. 1-1, p. 8.)

SO ORDERED this 8th day of March, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA